EMILY SHOPS, INC., Plaintiff, *v.* INTER-STATE TRUCK LINE, INC., Defendant.

Supreme Court, Trial Term, New York County, February 1, 1955.

*Charles T. Weintraub* for plaintiff.

*John L. Conners* for defendant.

CORCORAN, J. The parties have stipulated to all of the facts in this case.

The defendant is a common carrier by motor vehicle in interstate commerce and is a member of the Middle Atlantic States Motor Carrier Conference, Inc. It is a participating carrier in the tariffs filed with the Interstate Commerce Commission by that conference.

The plaintiff delivered merchandise to the defendant in New York to be delivered to the plaintiff in Pennsylvania. The bill of lading contained a release of value under the terms of which the " carrier will not assume any liability in excess of 50 cents per pound, or 50 dollars minimum.''

At the time of the shipment, the plaintiff and the defendant agreed upon " the flat sum of $115.00 " as the freight charge. Under the applicable tariffs filed with the Interstate Commerce Commission, the freight charge for the shipment should have been $34.59 if, as was the case, it was released to specific or maximum value. Even if the shipment were not so released, and the defendant was liable for full value, the charges should have been only $69.18.

The goods were lost in transit. The plaintiff claims that it is entitled to recover from the defendant the sum of $6,155.93, which is conceded to be the true value of the goods. The defendant pleads that it is liable only for the limited value placed on the goods of fifty cents a pound, which amounts to a total of $75, and for any excess freight charges it collected.

Subdivision 11 of section 20 of the Interstate Commerce Act (U. S. Code, tit. 49) is made applicable to common carriers by motor vehicle by section 319 of that title. A carrier is liable for full, actual loss, except in cases where the Interstate Commerce Commission by order authorizes the establishment and maintenance of rates " dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property ". In such cases the liability of the carrier under the amendment is limited to the value so declared or released. The Commission's Released Rates Order No. MC-239, applicable to the defendant, recites that it was applied for " to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property."

The plaintiff, while conceding the defendant's right to limit its liability, contends that the release of value contained in the bill of lading in this case is of no effect because the defendant charged a higher rate than that applicable to a release of value shipment.

The defendant, on the other hand, contends that the bill of lading contained a valid agreement releasing the value of the shipment, in case of loss, to fifty cents a pound; that once the parties agreed upon such valuation, such agreement determined the particular tariff rate which applied and that such rate attached automatically to the shipment. The defendant argues that the rate does not determine whether it is a release of value shipment but that, conversely, a release of value shipment determines the rate. The plaintiff's only relief, according to the defendant, is to recover back the excess in rates charged for the shipment.

The difficulty with the defendant's position is that its charge of $115, which was more than three times the proper charge for a released value shipment, was not merely an excessive rate. It was no rate at all. The charge was '' a flat sum of $115.00.'' A flat sum is not a rate. It is the opposite of a rate. The defendant, in doing what it did, acted as if there were no rates or tariffs and no regulatory law. Having completely ignored the law, the defendant should not be permitted to profit by the limited liability provisions contained in that law.

In *Union Pac. R. R. Co.* v. *Burke* (255 U. S. 317) the court said (p. 321): '' This court has consistently held the law to be that it is against public policy to permit a common carrier to limit its common-law liability by contracting for exemption from the consequences of its own negligence or that of its servants * * *, and valuation agreements have been sustained only on principles of estoppel and in carefully restricted cases where choice of rates was given — where ' the rate was tied to the release.' ''

The flat sum deal made by this defendant was not a choice of rates either at common law or under the Interstate Commerce Act. Where the statute and the rates are completely disregarded and there is actually no choice of rates, the liability limitations of the statute do not apply.

Judgment is directed in favor of the plaintiff in the sum of $6,155.93, with interest from November 30, 1953.